IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES DAVIDSON,

      Plaintiff,

vs.                                                                         No. CIV 23-0456 JB/LF

THE BOARD OF COUNTY
COMMISSIONERS OF THE COUNTY OF
BERNALILLO; METROPOLITAN
DETENTION CENTER; JASON JONES,
Metropolitan Detention Center Chief and THE
CITY OF ALBUQUERQUE, Mayor Tim
Keller,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court following Plaintiff James Davidson's failure to prosecute his Complaint for Violation of Civil Rights, filed June 9, 2023 (Doc. 4)("Complaint"). The Honorable Laura Fashing, United States Magistrate Judge for the United States District Court for the District of New Mexico, recently directed Davidson to update his address or show cause why the Complaint should not be dismissed for severing contact with the Court. See Order to Show Cause, filed June 22, 2023 (Doc. 7)("Show Cause Order"). Because Davidson has not complied with the Show Cause Order, the Court will dismiss the Complaint without prejudice.

## PROCEDURAL BACKGROUND

Davidson commenced this case while detained at the Metropolitan Detention Center ("MDC") in Albuquerque, New Mexico. See Complaint at 2. The Complaint challenges Davidson's conditions of confinement at MDC. See Complaint at 4. The Court referred the matter to Magistrate Judge Fashing for recommended findings and disposition, and to enter non-

dispositive orders.  See Order of Reference Relating to Prisoner Cases, filed May 25, 2023 (Doc. 2).  On June 9, 2023, Davidson filed the Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 3)("IFP Motion").

After Davidson filed the Complaint, MDC released him from custody.  Davidson did not notify the Clerk of the Court regarding his new address, as D.N.M. Local Civil Rule 83.6 requires.  See D.N.M. LR-Civ. 83.6 ("All . . . parties appearing pro se have a continuing duty to notify the Clerk, in writing, of any change in their . . . mailing addresses.").  On or about June 16, 2023, MDC returned several mailings to Davidson as undeliverable with the notation "Not in Custody."  See Returned Envelope, filed June 16, 2023 (Doc. 5); Returned Envelope, filed June 16, 2023 (Doc. 6).  Accordingly, Magistrate Judge Fashing fixed a deadline of July 24, 2023, for Davidson to notify the Clerk of the Court of his new address or show cause why this action should not be dismissed.  See Show Cause Order at 1.  The Show Cause Order warned that the failure to timely comply with the Show Cause Order could result in dismissal of this case without further notice.  See Show Cause Order at 1.

Davidson did not update his address by the deadline, show cause for such failure, or otherwise respond to the Show Cause Order.  MDC again returned the Show Cause Order as undeliverable with the notation: "Not in Custody."  See Returned Envelope, filed July 7, 2023 (Doc. 8).  The Court will therefore consider whether to dismiss this matter for lack of prosecution and failure to comply with Court rules and orders.

## ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil

Procedure] or a court order." Fed. R. Civ. P. 41(b). See also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules."). As the United States Court of Appeals for the Tenth Circuit has explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation . . . ." See Rogers v. Andrus Transp. Servs, 502 F.3d 1147, 1152 (10th Cir. 2007). "Although the language of rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders." Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice." Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009). If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr., 492 F.3d 1158, 1162 (10th Cir. 2016)("Nasious"). Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria." Nasious, 492 F.3d at 1162. Those criteria include:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

Nasious, 492 F.3d at 1162 (quoting Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994)(quoting Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992))).

Here, Davidson is no longer in custody at his address of record. He has not provided the Court with an updated address, as the Show Cause Order and D.N.M. LR-Civ. 83.6 require. In light of these shortcomings, the Court will dismiss the Complaint pursuant to rule 41(b) for failure to prosecute. See Olsen v. Mapes, 333 F.3d 1199 at 1204. After considering the factors in Nasious, however, the Court determines that the dismissal will be without prejudice. The Court will also deny Davidson's IFP Motion, which is now moot.

**IT IS ORDERED** that: (i) the Complaint for Violation of Civil Rights, filed June 9, 2023 (Doc. 4), is dismissed without prejudice; (ii) the Application to Proceed in District Court Without Prepaying Fees or Costs, filed June 9, 2023 (Doc. 3), is denied as moot; and (iii) the Court will enter Final Judgment disposing of this case.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

James Davidson
Albuquerque, New Mexico

    *Plaintiff pro se*